1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ED VALLEJO,

                    Plaintiff,

     v.

CALIFORNIA DEPARTMENT OF
MOTOR VEHICLES, ET AL.,

                    Defendants.

Case No. CV 21-9941-ODW (RAO)

MEMORANDUM AND ORDER
RE SUMMARY DISMISSAL

On December 27, 2021, Plaintiff Ed Vallejo, proceeding *pro se*, filed a document entitled "Notice and Motion to File Class Verified Petition for a Writ of Mandate (Mandamus) and Complaint for Declaratory and Injunctive Relief," (hereinafter, "Complaint"). (Dkt. No. 1.) Plaintiff also filed a request to proceed without prepayment of filing fees ("IFP Request"). (Dkt. No. 3.) In the Complaint, Plaintiff named as defendants the California Department of Motor Vehicles ("DMV"); Steven Gordon, in his official capacity as Director of the DMV; the City of Glendale; and the Mayor of the City of Glendale, in their official capacity. (Complaint at 9-10.)

The Court thereafter referred the Complaint to a Magistrate Judge for screening purposes. (Dkt. No. 11.) On January 20, 2022, the Magistrate Judge

1   entered an order granting Plaintiff's IFP request but dismissing the Complaint with

2   leave to amend.  (Dkt. No. 12.)  The Magistrate Judge found that Defendant DMV,

3   as an agency of the state of California, was absolutely immune from suit under the

4   Eleventh Amendment, and that Defendant Gordon was immune from suit for

5   damages.  (Id. at 3.)  Next, the Magistrate Judge found that Plaintiff had failed to

6   make out a cognizable federal claim against any defendant.  (Id. at 3-4.)  Finally,

7   the Magistrate Judge held that Plaintiff, as a *pro se* litigant, could not bring suit on

8   behalf of a class.  (Id. at 4.)  Plaintiff was granted 30 days to file an amended

9   complaint to attempt to correct these deficiencies.  (Id. at 5.)

10          Four days later, on January 24, 2022, Plaintiff filed a First Amended

11  Complaint ("FAC") together with a "Request for Subpoena."  Dkt. No. 14.[1]  For the

12  following reasons, the FAC is dismissed with prejudice.

13          Plaintiff alleges that on or about August 17, 2019, he was stopped by an

14  Officer Bromely of the City of Glendale, California, Police Department, and then

15  cited for a violation of California Vehicle Code §§ 4000(a)(1) (making it unlawful

16  to drive an unregistered vehicle on a public highway) and 16028(a) (requiring that

17  proof of insurance be shown when requested by police officer).  (FAC at 5.)

18  Plaintiff alleges that the officer issued him with a notice to appear and impounded

19  his vehicle pursuant to California Vehicle Code § 22852.  (FAC at 4.)  Plaintiff

20  alleges that he subsequently appeared in court and provided proof of registration

21  and insurance.  (FAC at 5.)

22          Plaintiff appears to contend that his constitutional right to "own private

23  property and us[e] it for interstate travel without restrictions" was violated by these

24  events.  (Id. at 3.)  He contends that Defendants violated this constitutional right by

25  stopping him and impounding his vehicle when he was on his way to have his

26

27  [1] On January 25, 2022, the Court issued a Notice of Discrepancy rejecting the request
    for a subpoena.  (Dkt. No. 15.)  Thereafter, the Court denied Plaintiff's ex parte
28  application asking the Court to take judicial notice of his subpoena.  (Dkt. No. 17.)

1    vehicle repaired in order to be able to renew his registration, that this right was

2    violated as a result of his not having paid "past due" registration fees, and that the

3    reason he had not paid past due registration fees was because he had not used his

4    vehicle on state roads during some or all of that period.  (Id.)

5        Plaintiff further appears to contend, more expansively, that California (and

6    the cities within the state) do not have the right to require him to maintain or

7    provide proof of registration to operate a private vehicle for use in interstate travel

8    or to sanction him for operating an unregistered vehicle.  (Id. at 4.)

9        As an initial matter, Plaintiff does not set forth the names of the intended

10    defendants in the body of the FAC.  From the case caption and the mailing list

11    attached to the FAC, it appears that he once again intends to sue the DMV, DMV

12    Director Gordon, and the City of Glendale.  (FAC at 1, 9.)  As Plaintiff was

13    previously informed, however, the DMV is absolutely immune from suit and

14    Director Gordon is immune from suit for damages.  *See*, *e.g.*, *Banks v. Dep't of*

15    *Motor Vehicles for Cal.,* 419 F. Supp.2d 1186, 1194 (C.D. Cal. 2006) (citing

16    *Dittman v. State of California*, 191 F.3d 1020, 1026 (9th Cir.1999)); *see also Sato*

17    *v. Orange County Dep't of Education*,  861 F.3d 923, 928 (9th Cir. 2017) ("It is

18    well established that agencies of the state are immune under the Eleventh

19    Amendment from private damages or suits for injunctive relief brought in federal

20    court.").  Thus, to the extent that Plaintiff is seeking damages from these

21    defendants, his suit is barred.

22        More significantly, Plaintiff fails to state a cognizable federal claim.  His

23    allegations that Officer Bromely of the City of Glendale Police Department issued

24    him with a citation and thereafter impounded his vehicle does not suffice to show

25    how Defendants City of Glendale and its Mayor were responsible for the alleged

26    constitutional deprivations. *See Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct.

27    3099, 3105, 87 L. Ed.2d 114 (1985) (holding that "in an official-capacity action . . .

28    a governmental entity is liable . . . only when the entity itself is a 'moving force'

behind the deprivation[.]").  Plaintiff has not shown how Defendants City of Glendale and its Mayor were a "moving force" such as to hold them responsible for Officer Bromely's actions.

Moreover, Plaintiff's claims are founded on his contention that there exists a constitutional right "to own private property and use it for interstate travel without restrictions."  Plaintiff fails to identify the source of this right, however, and the Court is unable to locate the existence of such an untrammeled right to interstate travel.[2]  *See, e.g., Miller v. Reed*, 176 F.3d 1202, 1205 (9th Cir. 1999) ("Burdens placed on travel generally, such as gasoline taxes, or minor burdens impacting interstate travel, such as toll roads, do not constitute a violation of" the right to interstate travel).

Furthermore, because the Court is persuaded that Plaintiff would be unable to allege any facts based upon the circumstances he challenges that would state a cognizable federal claim, amendment would be futile in this case.  *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

Based on the foregoing, IT IS ORDERED THAT the Complaint is **DISMISSED** with prejudice.

DATED: January 27, 2022

_____
OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff quotes a 1929 decision of the Illinois Supreme Court, which, in his view, held that "[t]ravel is not a privilege requiring licensing, vehicle registration, or forced insurances."  (FAC at 3, citing *Chicago Coach Co. v. City of Chicago*, 337 Ill. 200, 169 N.E. 22 (1929).)  In fact, the quoted language does not appear in that decision.  Furthermore, in that decision the court expressly acknowledged that the "the right [of a citizen] to travel upon the highway and transport his property in the ordinary course of his business or pleasure . . . may be regulated in accordance with the public interest and convenience."  *Chicago Coach Co.*, 337 Ill. at 206–207.