O

# United States District Court
# Central District of California

| | |
|---|---|
| ED ENRIQUE VALLEJO<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, et al.,<br><br>Defendants. | Case № 2:21-cv-09941-ODW (RAOx)<br><br>**ORDER REVOKING IN FORMA PAUPERIS STATUS FOR APPEAL** |

  Pro se Plaintiff Ed Vallejo brought this action against the California Department of Motor Vehicles and its director, Steven Gordon, as well as the City of Glendale, for alleged constitutional violations stemming from a traffic stop by a City of Glendale police officer. (*See* Compl., ECF No. 1.) Vallejo also requested to proceed in forma pauperis. (Req., ECF No. 3.) On January 20, 2022, Magistrate Judge Oliver granted Vallejo's request but dismissed his Complaint with leave to amend for failing to state a viable claim. (Order Dismiss Compl., ECF No. 12.) After Vallejo failed to cure the deficiencies in his Complaint, the Court dismissed this action with prejudice. (*See* First Am. Compl., ECF No. 14; Order Summ. Dismissal, ECF No. 19.) The Court

addressed the relevant factual and procedural background in its Order for Summary Dismissal and incorporates that discussion here by reference.

On February 1, 2022, Vallejo filed a Notice of Appeal to the Ninth Circuit Court of Appeals, indicating that this Court granted Vallejo in forma pauperis status. (Notice Appeal, ECF No. 21.) On March 9, 2022, the Ninth Circuit Court of Appeals referred the matter to this Court "for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." (Referral Notice, ECF No. 26.) For the reasons set forth below, the Court finds Vallejo's appeal is not taken in good faith and therefore **REVOKES** Vallejo's in forma pauperis status.

"A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding." Fed. R. App. P. 24(a)(3); *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). The Supreme Court has interpreted "good faith" to mean that the appeal is "not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445, 451 (1962). Thus, an appeal is taken in "good faith" for this purpose where it seeks review of any issue that is "non-frivolous." *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). In turn, an issue is frivolous if it has "no arguable basis in fact or law." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

This Court previously granted Vallejo's request to proceed in forma pauperis but found that Vallejo failed to state a viable claim in his Complaint. (*See* Order Dismiss Compl. 2–4.) Accordingly, the Court dismissed Vallejo's Complaint with leave to amend, noting that, "Although the Court is skeptical that Plaintiff can amend his Complaint to state a viable federal constitutional claim . . . it will afford him an

opportunity to try to do so." (*Id.* at 5.) Nevertheless, in his First Amended Complaint, Vallejo again recited inapplicable legal authority and again failed to name a defendant against which a viable claim could be asserted. (*See* First Am. Compl.; Order Summ. Dismissal.) Vallejo did not supplement his pleading to address the deficiencies identified by the Court or indicate any additional facts that he might add to a further amendment to cure the noted deficiencies. Accordingly, pursuant to 28 U.S.C. § 1915(a)(3), any appeal in this matter by Vallejo would not be taken in good faith.

The Court therefore certifies that this appeal is not taken in good faith and **REVOKES** Vallejo's in forma pauperis status. The Court directs the Clerk to notify the Ninth Circuit Court of Appeals of this certification pursuant to Federal Rule of Appellate Procedure 24(a)(4).

**IT IS SO ORDERED.**

March 11, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**